UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CURTIS HARRIS, | ) | CASE NO.  1:09 CV 0035 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| C & A TRANSPORTATION, | ) | |
| | ) | |
| Defendant. | ) | |

On January 7, 2009, pro se plaintiff Curtis Harris filed the above-captioned in forma pauperis action against C & A Transportion.  His motion to proceed in forma pauperis was granted on February 19, 2009.  Mr.  Harris asserts this court's jurisdiction pursuant to the Civil Rights Act, 42 U.S.C. § 1983 and Title VII, 42 U.S.C. § 2000e.  He seeks $10 million in damages.

*Background*

Mr. Harris states he is appealing a decision by the Equal Employment Opportunity Commission (E.E.O.C.) that found "there was no Discrimination by my Employer C&A . . . in there [sic] layoff of plaintiff Curtis Harris and other employees." (Compl. at 1.)  He believes he was laid off in retaliation for filing three workers' compensation claims and trying to organize a labor union. The company allegedly explained to the E.E.O.C. that Mr. Harris was laid off, in part, because he refused to work flexible hours. Plaintiff counters that C & A wanted him to work 75 - 80 hours a

week "in violation of Department of Transportation rules."(Compl. at 1.)   As evidence his employer's excuse for laying him off was pretextual, Mr. Harris notes a female employee with "three months seniority" and less than 10 years experience was permitted to stay, while he was laid off after working over ten years with C&A and with 35 years driving experience.  He adds, in passing, C&A failed to provide any prior notice of the layoff, "in violation of the WARN Act."

Attached to the complaint is a Notice of Right to Sue from the E.E.O.C. dated October 30, 2008.  Mr. Harris filed this action within 90 days thereafter

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court shall dismiss an action under section 1915(e) if it fails to state a claim.[1]  An action is subject to dismissal if it lacks an arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990).

The Supreme Court has clarified that, at the pleading stage, a plaintiff is not required to allege facts to support a prima facie case of discrimination. Swierkiewicz v. Sorema, 534 U.S. 506 (2002)(employment discrimination complaint need not contain specific facts establishing a prima facie case under the McDonnell Douglas [ v. Green, 411 U.S. 792 (1973)] framework).  This holding does not, however, eliminate the basic tenets of notice pleading.

Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:

> (1) a short and plain statement of the grounds
> upon which the court's jurisdiction depends.

---

[1]  28 U.S.C. § 1915(e) states, in pertinent part: "the court ... shall dismiss the case ... if the court determines that ... the action is frivolous or malicious ...".

A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly section 1915(d)] and is dismissing the complaint as frivolous.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

> . . (2) a short and plain statement of the claim
> showing that the pleader is entitled to relief;
> and (3) a demand for judgment for the relief
> the pleader seeks.  Relief in the alternative or
> of several different types may be demanded.

FED. R. CIV. P. 8(a).  Even under the liberal notice pleading requirements of Rule 8 and the liberal

perspective in which pro se complaints are generally viewed, the complaint does not contain even

the minimum requirements of a "short and plain statement" of a claim showing entitlement to relief.

See FED. CIV. R. P. 8(a).  Pro se plaintiffs are not subject to "heightened fact pleading of specifics,

but only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, ___, 127 S.Ct. 1955, 1974 (2007) (overruling Conley v. Gibson, 355 U.S.

41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).

Where pro se plaintiffs do not set forth enough factual allegations to "nudge[ ] their claims across

the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim

upon which relief can be granted.  Id.  For the reasons outlined below, Mr. Harris has failed to cross

that line.

### A.  Title VII, 42 U.S.C. §2000e(c)

Title VII of the Civil Rights Act makes it "an unlawful employment practice for an

employer–

> (1) to fail or refuse to hire or to discharge any individual, or
> otherwise to discriminate against any individual with respect
> to his compensation, terms, conditions, or privileges of
> employment, because of such individual's race, color,
> religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants
> for employment in any way which would deprive or tend to
> deprive any individual of employment opportunities or
> otherwise adversely affect his status as an employee, because
> of such individual's race, color, religion, sex, or national
> origin.

42 U.S.C. § 2000e-2(a).  Other than the fact that Mr. Harris is male, there are no facts alleged which

illustrate the defendant's decision to lay him off was motivated by gender.  To the extent plaintiff

is alleging C & A retaliated against him in violation of Title VII, he has still failed to state a claim.

3

**B.  Title VII, 42 U.S.C. §2000e(c) - Retaliation**

   Under Title VII, if an individual "has opposed any practice made an unlawful employment practice by" Title VII, he or she may allege a claim of  "discrimination" under 42 U.S.C. § 2000e-3(a). Section § 2000e-3(a) forbids

> an employer to discriminate against any of his employees ... because [the employee] has opposed any practice **made an unlawful employment practice by this subchapter, or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.**

42 U.S.C. § 2000e-3(a)(emphasis added). To set forth a civil rights claim of retaliation, a plaintiff must establish that: (1) he engaged in activity protected by Title VII; (2) the exercise of his civil rights was known to the defendant; (3) thereafter, the defendant took an action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse action. See Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 61 (2006)(retaliation provision not limited to employer's actions that affect terms, conditions or status of employment). If and when a plaintiff establishes a prima facie case, the burden of production of evidence shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for its actions. Canitia v. Yellow Freight Sys., Inc., 903 F.2d 1064, 1066 (6th Cir.), cert. denied, 498 U.S. 984 (1990)(quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).

   Here, Mr. Harris allegedly filed three workers compensation claims against his employer and attempted to organize a  labor union.  There is no indication when he engaged in these activities, but he implies there is a causal link between his actions and his employer's decision to lay him off.  The crucial component missing, however, is any unlawful employment practice engaged in by the defendants that is protected by Title VII.  While an employee may be entitled to file a worker's compensation claim, there is no provision within Title VII which protects that class of individual.  Mr. Harris's failure to allege this critical component to his Title VII claim of retaliation is fatal to the complaint.

Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed).  Even liberally construed, the complaint does not contain allegations reasonably suggesting Mr.  Harris might have a valid federal claim against the defendant.

**C.  Civil Rights Violation, 42 U.S.C. §1983 - Constitutional Claims**

To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the constitution and law of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 alone creates no substantive rights; rather it is the means through  which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws.  Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979).  The statute applies only if there is a deprivation of a constitutional right.  See e.g., Paul v. Davis, 424 U.S. 693, 699-701(1976); Baker, 443 U.S. at 146-47.  Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws' " of the United States.  Baker, 443 U.S. at 140.

Mr. Harris fails to assert any constitutional basis for liability in this case.  Moreover, there is no allegation the defendant was acting under color of state law or any alleged facts supporting a violation of a constitutional amendment.   These omissions are fatal to plaintiff's civil rights claim.

*Conclusion*

Accordingly, this action is dismissed under section 1915(e), but without prejudice as to any state law claims Mr. Harris may choose to pursue.  The court certifies, pursuant to 28

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

      IT IS SO ORDERED.

*/s/Dan Aaron Polster 3/9/09*

_____
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[2]    28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.